**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ANTHONY VEGA,                    :
                                 :    Civil Action No. 12-4007 (FSH)
            Petitioner,          :
                                 :
       v.                        :    OPINION
                                 :
C. RAY HUGHES, et al.,           :
                                 :
            Respondents.         :
```

**APPEARANCES:**

Petitioner pro se                Counsel for Respondents
Anthony Vega                     Annmarie Cozzi
Southern State Corr. Facility    Senior Assistant Prosecutor
Delmont, NJ  08314               Bergen County Pros. Ofc.
                                 Hackensack, NJ  07601

**HOCHBERG**, District Judge

Petitioner Anthony Vega, a prisoner currently confined at Southern State Correctional Facility in Delmont, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are Administrator C. Ray Hughes and the Attorney General of the State of New Jersey.

This matter is presently before the Court pursuant to Petitioner's submission of a Letter [9] in which he states that he was recently informed by the Superior Courts of New Jersey that he had not given them a copy of his petition for post-conviction relief and that he had not raised with them certain issues that are raised in this § 2254 Petition; he asks the court

for "leave" of this petition, until such time as he can properly represent his case. This Court construes the Letter as a request to stay this matter so that he can exhaust in state court the sole claim asserted here, that there was not a factual basis for his plea. For the reasons stated herein, the Petition will be dismissed without prejudice.

## I.   BACKGROUND

The following facts are undisputed.

On March 26, 2009, Petitioner was convicted in the Superior Court of New Jersey, Bergen County, pursuant to a guilty plea, of robbery, attempted kidnapping, and related offenses. Petitioner was sentenced to a 15-year term of imprisonment, with an 85% parole disqualifier, under New Jersey's No Early Release Act.

Petitioner timely appealed the sentence, only, on the ground that it was excessive. On August 2, 2011, the Superior Court of New Jersey, Appellate Division, affirmed the sentence. (Answer, Ex. 6.) On March 22, 2012, the Supreme Court of New Jersey denied certification. (Answer, Ex. 10.) Petitioner did not seek a writ of certiorari from the United States Supreme Court, nor did he file in state court a petition for post-conviction relief. In any event, as reflected in Petitioner's Letter, referenced above, the state court did not receive any petition for post-conviction relief.

On May 12, 2012, Petitioner executed his Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court received on June 27, 2012. Petitioner here has asserted only one ground for relief: that there was not a factual basis for his guilty plea.

In response to this Court's Notice and Order [2] advising Petitioner of his rights under Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), Petitioner advised the Court that he wished to proceed with this matter as filed. Thereafter, in response to this Court's Order [4], Respondents filed a timely Answer [8], in which they asserted that Petitioner's sole claim for relief is procedurally defaulted under state law and is meritless.

After Respondents filed their Answer, Petitioner submitted the Letter [9] request referenced above to stay this matter. Thus, it is undisputed that Petitioner has not exhausted the sole claim presented in this Petition. Respondents have not responded to Petitioner's request for a stay.

## II.  ANALYSIS

Generally speaking, exhaustion of state remedies is a necessary prerequisite to a federal habeas petition. More specifically, 28 U.S.C. § 2254 provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

3

>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").  As noted above, Petitioner has not exhausted the claim asserted here.

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies").  But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional

4

circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim"). More recently, because the one-year statute of limitations enacted by AEDPA in 1996[1] is not statutorily tolled by the premature filing of a federal habeas petition, see Duncan v. Walker, 533 U.S. 167 (2001), federal courts sometimes may stay § 2254 habeas proceedings to permit prisoners to exhaust state claims. Petitioner has requested such a stay so that he can exhaust, in state court, the claim that there was no factual basis for his plea.

    At the time Lundy was decided, there was no statute of limitations on the filing of federal habeas petitions.  Because of the new one-year limitations period, however, dismissal of a timely-filed petition may forever bar a petitioner from returning to federal court. "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004) (referencing petitions containing both exhausted and unexhausted claims). See also Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009) (holding that a petition could be eligible for stay even where

---

[1] Title 28 U.S.C. § 2244(d)(1)(A), applicable here, provides for a one-year period of limitations from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, subject to various statutory and equitable tolling considerations.

only unexhausted claims are asserted).  Indeed, the Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action." Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ...  For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

6

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations.  "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Here, however, dismissal without prejudice for failure to exhaust, rather than stay, would not put Petitioner at risk of forever being barred from presenting his claims in federal court.  Petitioner's conviction became final on June 20, 2012, ninety days after the Supreme Court of New Jersey denied certification, when the time for filing a petition for writ of certiorari with the U.S. Supreme Court expired.  The federal one-year limitations period does not expire until June 20, 2013, subject to statutory and equitable tolling.  Accordingly, dismissal at this time would not subject Petitioner to any federal statute-of-limitations problems, provided he acts timely to exhaust his claims in state court.

IV. CONCLUSION

For the reasons set forth above, Petitioner's request for a stay of this proceeding will be denied. Instead, the Petition will be dismissed without prejudice for failure to exhaust state remedies. An appropriate order follows.

s/ Faith S. Hochberg<br>
Faith S. Hochberg<br>
United States District Judge

Dated: December 18, 2012